BOARD OF COMMISSIONERS OF THE TOWN OF NUTLEY, COUNTY OF ESSEX, NEW JERSEY, PROSECUTOR-APPELLEE, v. CHARLES J. A. ERNST, RESPONDENT-APPELLANT, AND FREDERICK H. YOUNG, DUDLEY R. SHEPARD AND NUTLEY-BLOOMFIELD JOINT OUTLET SEWER COMMISSION, ETC., RESPONDENTS-APPELLEES.

Argued May 16, 1939—Decided October 16, 1939.

For the prosecutor-appellee, *Edwin J. C. Joerg.*

For the respondent-appellant, *Edward C. Pettit.*

For the respondents-appellees Frederick H. Young and Dudley R. Shepard, *Joseph F. Donohue.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is an appeal from a judgment of the Supreme Court on *certiorari* which set aside "the

resolutions adopted or actions taken by Charles J. A. Ernst, chairman of the Nutley-Bloomfield Joint Outlet Sewer Commission, and Frederick H. Young, Secretary-Treasurer of the Nutley-Bloomfield Joint Outlet Sewer Commission, in voting themselves salaries as voting members (of said commission) at the rate of fifteen ($15.00) dollars per meeting each and as Secretary-Treasurer and Chairman a further compensation of five ($5.00) dollars per meeting each * * *." The judgment under review was, we think, proper and should be affirmed.

The facts of this case are sufficiently stated in the opinion of the Supreme Court—*Board of Commissioners of the Town of Nutley, &c.,* v. *Charles J. A. Ernst et al.,* 120 *N. J. L.* 68.

Several points are raised on this appeal which were not argued in the Supreme Court. The first is that the writ "can be directed only to a legal body having in legal contemplation the custody of the record; the so-called 'Nutley-Bloomfield Joint Outlet Sewer Commission' was not such a legal body and therefore the writ was improperly issued and directed and should be dismissed." We think there is no merit in this point. The argument is that the municipalities in question—Nutley and Bloomfield—having united for the sole purpose of constructing a sewer to serve both towns, under the authority of the statute (chapter 36, *Pamph. L.* 1899; 3 *Comp. Stat., pp.* 3588, *et seq.,* §§ 488, 489) and having met in joint session and selected a representative of each of their respective governing bodies to act as a "joint meeting" as the statute, *supra,* designates such committee, to superintend the building of this sewer, that the writ of *certiorari* should have been directed to the resolution or acts of such "joint meeting" *eo nomine* and not to the "Nutley-Bloomfield Joint Outlet Sewer Commission" because there was no such legal entity. The writ, however, was directed to the individuals in charge of the project (who in fact were the members of the "joint meeting" under the statute, *supra*) and also to the Nutley-Bloomfield Joint Outlet Sewer Commission. It is not directed to the "joint meeting" as such, as strictly it should have been. But we attach no importance

to this technical defect because the minutes, resolutions and stipulation of fact which were returned with the writ were in fact the proceedings of the respondents acting as such "joint meeting" for the two municipalities. No claim to the contrary is made by the appellant.

It is not now argued, nor could it reasonably be, that the court had no jurisdiction over the subject-matter in question. Nor may the appellant now claim that the court lacked jurisdiction over the person. Assuming for the sake of argument that jurisdiction of the court over the person was debatable, that advantage was waived by the general appearance of the respondent below. *State* v. *Baker,* 102 *N. J. L.* 349.

It is next said by the appellant that *certiorari* should not have been allowed because other remedies were available. The mandate of the writ is directed at the resolutions adopted by the committee in question, acting for the respective municipalities, as well as the minutes of the meetings, when the governing bodies of both municipalities met and dealt with the selection of their several representatives; and also the resolutions of the representatives selected by the municipalities which authorized compensation for themselves. The validity of these resolutions was the question for determination brought up by the writ. That the challenged resolutions were invalid, as the Supreme Court found, is hardly debatable. The statute (3 *Comp. Stat., p.* 3590) prescribes that the compensation of such members so selected shall be fixed by the members of the governing bodies of the municipalities engaged in the joint project. Again, by resolution of December 7th, 1935, the question of compensation for the "two joint sewer commissions" was deferred for consideration later by the entire body. This resolution was seconded by the present appellant. Under the statute and under the facts in the record these commissioners should not have awarded themselves compensation.

It is next argued that the prosecutor was guilty of laches in applying for the writ. This question should have been raised at the time the writ was allowed. From the briefs we gather that the writ issued upon the return of a rule to show cause. Apparently both sides were heard before it was

allowed. In any event, laches may not be reviewed here as error and, further, that question is always one that rests within the discretion of the Supreme Court. *Kirkland* v. *McCloud*, 80 *N. J. L.* 337.

While we think the judgment under review is unquestionably right, we do not seem to find as the Supreme Court did—that there was evidence of bad faith in the action of the individual members of the joint meeting in passing the resolution in question. It is true that notice was not given to the respective governing bodies. But it is also true that the action was not done secretly as intimated since the record shows that when the resolution fixing compensation was passed on January 4th, 1936, there were present at the meeting not only Messrs. Ernst and Young, who comprised the committee and profited by the resolution, but Mr. Shepard, the engineer, and Mr Joerg, described in the minutes as "resident attorney" who also was at the time, and still is, counsel for the town of Nutley, the prosecutor of this writ; and the stipulation of fact concedes that Mr. Joerg was present at this meeting but recites that his advice "was not sought * * * on the question of compensation," nor does it appear that any advice that the action was illegal, was given.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, DONGES, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 12.

*For reversal*—None.